# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAWN LEWIS WHITE,

   *Petitioner*,

vs.

JO GENTRY, *et al.*,

   *Respondents.*

2:17-cv-02216-JCM-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial review. The court finds that petitioner is unable to pay the filing fee within a reasonable time. The pauper application therefore will be granted, and the court proceeds to initial review. Following such review, petitioner must show cause why the petition should not be dismissed as untimely under 28 U.S.C. § 2244(d).

## *Background*

Petitioner challenges two Nevada state judgments of conviction, pursuant to guilty pleas, of, in the aggregate, five counts of conspiracy to commit robbery, five counts of robbery with the use of a deadly weapon, and one count of murder.[1]

---

[1] In addition to the materials available via online legal research, the court takes judicial notice of the online docket records of the state district court and state appellate courts. *E.g., Harris v. County of Orange*,
(continued...)

Judgment in both cases was entered on the same day, November 30, 2005, in Nos. C208788 and C210008 in the state district court. There have been no intervening amended or corrected judgments of conviction filed in the state district court in either case.[2]

On May 26, 2006, the state supreme court affirmed the convictions in both cases, in a consolidated appeal in Nos. 46518 and 46521 in that court.

The ninety-day time period to file a *certiorari* petition expired on August 24, 2006.

Petitioner filed a state post-conviction petition in both cases on August 3, 2006, before the *certiorari* time expired.

The state district court clerk mailed a notice of entry of decision and order denying the petition in No. C208788 on November 22, 2006. Petitioner did not appeal the denial of the petition; and the thirty-three-day time period to do so expired on December 26, 2006, following the holiday.

The state district court clerk mailed a notice of entry of decision and order denying the petition in No. C210008 on November 7, 2006. Petitioner did not appeal the denial of the petition; and the time to do so expired on Monday, December 11, 2006.

Years thereafter, on June 7, 2010, and May 4, 2016, petitioner filed state post-conviction petitions in both cases on each date. These petitions all were denied as, *inter alia*, untimely; and the state appellate courts affirmed also on, *inter alia*, that basis, in Nos. 57179 and 71593 in those courts as to No. C208788 and Nos. 57220 and 71115 as to No. C210008.

Petitioner's remaining proceedings in the state courts additionally have no material impact upon the federal timeliness analysis. Petitioner filed an original petition pertaining to

---

[1](...continued)
682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state courts may be accessed from https://www.clarkcountycourts.us/Anonymous/default.aspx and https://nvcourts.gov/Supreme/.

[2]The federal petition in this matter identifies only the judgment in No. C21008 as the judgment of conviction being challenged in response to the pertinent inquiry on the petition form. (ECF No. 1-1, at 2.) Petitioner's claims and arguments, however, pertain to the convictions in both cases. For example, he presents argument as to his conviction for murder, of which he was convicted in No. 208788. Rule 2(e) of the Rules Governing Section 2254 Cases permits a petitioner to challenge more than one conviction arising from the same court within a single federal habeas petition.

both No. C208788 and No. C210008 in the state supreme court, but it was pending only from November 22, 2010, through January 3, 2011, in No. 57212 in that court. His only other proceedings in the state supreme court as to either case were concluded before the federal limitation period would have begun running in December 2006, under Nos. 45226, 47805, and 47807 in that court. He filed no other potentially tolling proceedings in the state district court in either case.

Petitioner previously filed a federal habeas petition challenging both judgments of conviction in No. 3:11-cv-00015-LRH-RAM in this court on or about January 6, 2011. That action was dismissed without prejudice on June 8, 2011, after petitioner failed to respond to a court order that he file a signed pleading stating a claim upon which relief could be granted. Petitioner did not appeal.[3]

The petition in the present action was mailed for filing on or about August 16, 2017.

### *Discussion*

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the judgment of conviction in both cases became final after the time to file a *certiorari* petition expired on August 24, 2006.

However, a properly filed state post-conviction or other proceeding for collateral review statutorily tolls the running of the federal limitation period under 28 U.S.C. § 2244(d)(2). Petitioner's timely August 3, 2006, state petitions were filed before the time to seek *certiorari* review expired. Those petitions statutorily tolled the limitation period continuously through the expiration of the time to appeal the denial of the petitions – respectively through December 26, 2006, as to No. C208788 and through December 11, 2006, as to No. C210003.

---

[3]The court has not construed the dismissal in the prior federal action as one that would render the present petition a successive petition under 28 U.S.C. § 2244(b).

Accordingly, absent a basis for other tolling or delayed accrual, the federal limitation period expired one year later as to each conviction – respectively on December 26, 2007, as to No. C208788 and on December 11, 2007, as to No. C210003.

None of petitioner's later state court filings could operate to statutorily toll the federal limitation period if it already had expired. Further, an untimely state petition is not "properly filed" for purposes of § 2244(d)(2); and petitioner's untimely state petitions thus could not statutorily toll the federal limitation period in any event. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).[4]

Accordingly, absent a basis for other tolling or delayed accrual, the limitation period putatively expired on December 26, 2007, as to No. C208788 and on December 11, 2007, as to No. C210003. The federal petition in this matter was not constructively filed until on or about August 16, 2017, more than nine years after the federal limitation period had expired as to each judgment of conviction.

Petitioner therefore must show cause why the petition should not be dismissed as untimely.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.

---

[4]The prior pendency of the federal petition in No. 11-cv-00015 also has no bearing on the timeliness of the present petition. *See Duncan v. Walker*, 533 U.S.167 (2001).

-4-

*E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).[5]

Petitioner further is informed that, if petitioner seeks to avoid application of the one-year limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt, potentially as to all charges pending against him prior to his plea in each case. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. United States*, 523 U.S. 614 (1998); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

---

[5]Subparagraph (d) of § 2244 provides in full:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

1      IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

     IT FURTHER IS ORDERED, that the clerk shall file the petition[6] and that, within **thirty (30) days** of entry of this order, petitioner shall show cause in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice without further advance notice. If petitioner responds but fails to show with specific, detailed and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

     IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

     The clerk further shall reflect petitioner's address at Southern Desert Correctional Center with his back number of 88744 on the docket prior to generating a notice of filing.

DATED: November 6, 2017.

_____
JAMES C. MAHAN
United States District Judge

---

[6] The filing of the petition does not signify that the petition otherwise is free of other deficiencies. The court defers consideration of any remaining deficiencies in the papers presented until after it has determined whether the action is timely in the first instance. Petitioner's motion for appointment of counsel will remain under submission pending the court's consideration of the timeliness issue. Petitioner therefore must respond to this show-cause order in proper person, without the assistance of counsel. Taking into account the issues presented and the petitioner's ability to present his position *pro se* with the resources available to him, the court does not find that the interests of justice require the appointment of counsel during the current review of the timeliness issue.