# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAWN LEWIS WHITE,

    *Petitioner*,

vs.

JO GENTRY, *et al.*,

    *Respondents.*

2:17-cv-02216-JCM-NJK

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's motion (ECF No. 2) for appointment of counsel and further in connection with a pending show-cause inquiry as to whether the petition is subject to dismissal as untimely.

On the counsel motion, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

Following review of the show-cause response and petitioner's request for appointment of counsel, the court does not find that the interests of justice require the appointment of

counsel at this juncture. Petitioner has demonstrated an adequate ability to articulate his position, including with citation to case authority, with the resources available to him. Petitioner's equitable tolling arguments do not present specific factual particulars that would warrant further factual development through counsel, and his actual innocence argument potentially can be addressed on the state court record materials filed pursuant to this order.

The motion for appointment of counsel therefore will be denied.

In connection with petitioner's actual innocence argument, the court will direct service on respondents for a limited records-only response with state court record exhibits relating to the argument.

IT THEREFORE IS ORDERED that petitioner's motion (ECF No. 2) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that the clerk shall add state attorney general Adam P. Laxalt as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to him, along with regenerated notices of filing of the prior filings herein. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order and respond as per the following.

IT FURTHER IS ORDERED that, within **forty-five (45) days** of entry of this order, respondents shall file and serve upon petitioner a set of exhibits with copies of:

    (a)    the minutes for both the justice court proceedings and the state district court proceedings related to the two criminal cases against petitioner in No. C208788 and C210008;

    (b)    the transcript(s), if previously prepared, for the preliminary hearing(s) for both prosecutions;

    (c)    all charging documents for both prosecutions;

    (d)    all notices of intent to seek the death penalty, if separate from the charging documents, and any additional papers reflecting whether petitioner still faced a possible capital sentence at the time of his plea;

|   |     |                                                                                           |
|---|-----|-------------------------------------------------------------------------------------------|
| 1 | (e) | all written plea agreements for both prosecutions;                                        |
| 2 | (f) | the transcript(s), if previously prepared, for the plea colloquy or                       |
| 3 |     | colloquies for both prosecutions;                                                         |
| 4 | (g) | the transcript(s), if previously prepared, for the sentencing for both                    |
| 5 |     | prosecutions;                                                                             |
| 6 | (h) | the judgment of conviction in both cases; and                                             |
| 7 | (i) | as to any additional facts not otherwise reflected in the foregoing                       |
| 8 |     | materials, any additional materials that respondents seek to present                      |
| 9 |     | bearing on petitioner's potential culpability at the time of his plea for first-          |
| 10|     | degree murder[1] or second-degree murder in No. C208788.                                  |

IT FURTHER IS ORDERED that the exhibits shall be filed for the two prosecutions in chronological order along with an index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibit(s)s in the attachment. The purpose of this provision is so that the court and any reviewing court will be able to determine from the face of the electronic docket sheet which exhibits are filed in which attachments, as opposed to having to "fish" through undifferentiated attachments for exhibits. **Given the anticipated relatively small volume of the exhibits, there is no need to send a courtesy copy of the exhibits to the clerk's office.**

**No further response, other than filing and service of the above record exhibits, is required from respondents at this time, as the matter remains under screening review.**

DATED: February 16, 2018.

_____
JAMES C. MAHAN
United States District Judge

---

[1] *Cf. Bousley v. United States*, 523 U.S. 614, 624 (1998)("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.")